UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

SHARON CHAMPION,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Hon. Sally J. Berens

Case No. 1:19-cv-14

## **OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claims for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks review of the Commissioner's decision, arguing that is it based on a legal error.

For the following reasons, the Court concludes that the Commissioner's decision is supported by substantial evidence and in accordance with law. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Accordingly, the Commissioner's decision will be **affirmed**.

# **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making a decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and those findings are conclusive provided substantial evidence supports them. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Health and Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff filed an application for DIB on January 30, 2014, and an application for SSI on February 6, 2014, alleging that she had been disabled since October 8, 2013. (PageID.321–23.) Plaintiff was 55 years old at the time of the alleged onset date. (PageID.322.) Plaintiff had previous employment as a telemarketer. (PageID.57.) Plaintiff's applications were denied (PageID.155–68), after which time she requested a hearing before an Administrative Law Judge (ALJ). (PageID.174–75.)

ALJ Paul W. Jones conducted a hearing on September 24, 2015, and on October 14, 2015, issued a written decision finding that, because Plaintiff's substance abuse disorder was a contributing factor material to the determination of disability, she was not entitled to benefits. (PageID.130–41.) Plaintiff filed a request for review by the Appeals Council. (PageID.233.) On October 21, 2016, the Appeals Counsel vacated the October 14, 2015 hearing decision and remanded the case back to ALJ Jones for consideration of various issues, including further evaluation of Plaintiff's mental impairments and the opinions of consultative examiners Jonathan Shy, Ph.D., and Adam McKenzie, D.O. (PageID.148–50.)

On March 9, 2018, ALJ Jones issued a decision denying Plaintiff benefits, finding she was not disabled within the meaning of the Act. (PageID.33–43.) The Appeals Council denied Plaintiff's request for review on November 16, 2018. (PageID.21–23.) Therefore, ALJ Jones's March 9, 2018 ruling became the Commissioner's final decision. 20 C.F.R. §§ 416.1455, 416.1481. Plaintiff initiated this civil action for judicial review on January 9, 2019.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of*

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

*Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

After determining that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of October 8, 2013, the ALJ found that Plaintiff suffered from the following severe impairments: (1) right total knee arthroscopy; (2) right shoulder arthritis; (3) left knee degenerative joint disease status post arthroscopy; (4) hernia; and (5) hypothyroidism. (PageID.35.) At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.39–40.)

With respect to Plaintiff's RFC, the ALJ determined that Plaintiff retained the capacity to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except that she required the option to sit/stand at will, could occasionally climb, balance, stoop, kneel, crouch, crawl; could occasionally reach overhead with her right upper extremity, and could have occasional exposure to moving machinery/unprotected heights. (PageID.40.) At step four, the ALJ found that Plaintiff could perform her past relevant work as a telemarketer, rendering her not disabled. (PageID.42.)

## **Discussion**

Plaintiff raises one claim of error, which she says is a legal error. (ECF No. 9 at PageID.1484, 1486.) Plaintiff points out that, on remand from the Appeals Council, ALJ Jones reached findings and conclusions that were at odds with his initial decision. Plaintiff argues that "even if the prior decision is nor [sic] binding per se, the rationale for a fact finder giving two contrary conclusions should at the very least include an explication of the rationale establishing why the conclusion is different." (*Id.* at PageID.1487.) Plaintiff's argument lacks merit.

This Court does not review the Commissioner's "rough drafts." Instead, a federal district court's review under the Act is limited to a "final decision of the Commissioner." 42 U.S.C. § 405(g); *see also Bowens v. Barnhart*, 101 F. App'x 93, 94 (6th Cir. 2004) ("Federal courts only have jurisdiction to review final decisions of the Commissioner made after a hearing."). An ALJ's decision appealed to the Appeals Council is binding only if the Appeals Council denies the claimant's request for review. 20 C.F.R. § 416.1455(b); *see also* 20 C.F.R. § 416.1481 ("The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you or another party file an action in Federal district court, or the decision is reversed."). In *White v. Commissioner of Social Security*, No. 1:13-cv-532, 2014 WL 4976754 (W.D. Mich. Oct. 3, 2014), the court declined to address a similar argument—that "the ALJ did not comply with the Appeals Council's order remanding th[e] case for further administrative proceedings." *Id.* at *11. The court observed that "[w]hether the ALJ complied with the Appeals Council's order of remand is an internal agency matter which arises prior to the issuance of the agency's final decision." *Id.* (internal quotation marks omitted). If Plaintiff took issue with ALJ Jones's decision on remand, the Appeals Council was the appropriate venue to raise it. "Section 405(g) does not provide this court with authority to review intermediate agency decisions that occur during the administrative review process." *Id.* (internal quotation marks omitted). *Dennard v. Secretary of Health and Human Services*, 907 F.2d 598 (6th Cir. 1990), which Plaintiff cites, is not to the contrary, as it involved a final decision of the Commissioner.

Because Plaintiff raises no other arguments on appeal, the Court need not address any other issue regarding the Commissioner's final decision—ALJ Jones's March 9, 2018 decision.[2] *See*

---

[2] The Commissioner does not limit her brief to the issue Plaintiff raises but also addresses whether ALJ Jones's finding that Plaintiff's substance abuse was a non-severe impairment and his evaluation of the medical source opinions was supported by substantial evidence. Because Plaintiff does not raise a substantial issue challenge, the Court need not address the issue at all. Regardless, the record establishes that substantial evidence supported ALJ Jones's decision.

*Ballard v. Comm'r of Soc. Sec.*, No. 1:15-CV-653, 2016 WL 4523455, at *5 n.4 (W.D. Mich. Aug. 30, 2016) (an argument not raised in an opening brief is waived).

## CONCLUSION

For the reasons stated herein, the Commissioner's decision is **affirmed**.

An Order consistent with this Opinion will enter.

Dated: March 23, 2020                                                         /s/ Sally J. Berens
                                                                                        SALLY J. BERENS
                                                                                        U.S. Magistrate Judge